IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ALMA SANCHEZ § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:06-cv-00701 |
| § | |
| § | JURY |
| WAL-MART STORES, INC., WAL-MART § | |
| STORES TEXAS, LP, WAL-MART § | |
| STORES EAST, LP A/K/A , WAL-MART § | |
| STORES EAST I, LP, § | |
| WSE MANAGEMENT, LLC, AND § | |
| WAL-MART SUPERCENTER § | |

**PLAINTIFF ALMA SANCHEZ'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW Alma Sanchez ("Plaintiff") complaining of and seeking money damages from Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LP, Wal-Mart Stores East, LP a/k/a Wal-Mart Stores East I, LP, WSE Management, LLC and Wal-Mart Supercenter ("Defendants"), for injuries arising from an accident which occurred on or about April 13, 2005 at the Wal-Mart Supercenter located at 6702 Seawall Boulevard, Galveston, Texas 77551, Galveston County, Texas on the grounds that Defendants were negligent in the manner in which they owned, possessed, controlled, maintained, and/or operated its premises and merchandise displays. For cause of action, Plaintiff would show the following:

**I.
PARTIES**

2. Alma Sanchez is a natural person and citizen of the state of Texas; to wit: as of the date of this action she is domiciled in the state of Texas by virtue of having established a fixed habitation or abode intending to remain there permanently or indefinitely.

3. Wal-Mart Stores, Inc. is a corporation with its principal place of business located in Bentonville, AR and whose designated agent for service of process in the State of Texas is CT Corporation System. Wal-Mart Stores, Inc. may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Plaintiff intends to perfect service of process pursuant to Tex. R. Civ. P. 106 (a) (1) or (2) at the address provided or wherever said agent can be found as is authorized by the Federal Rules of Civil Procedure. Wal-Mart Stores, Inc. is not incorporated under the laws of the state of Texas and has its principal place of business outside the state of Texas. Therefore, Wal-Mart Stores, Inc. is not a citizen of the State of Texas and complete diversity of citizenship exists between Plaintiff and all Defendants.

4. Wal-Mart Stores Texas, LP is a domestic limited partnership with its principal place of business located in Bentonville, AR and whose designated agent for service of process in the State of Texas is CT Corporation System. Wal-Mart Stores Texas, LP may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Plaintiff intends to perfect service of process pursuant to Tex. R. Civ. P. 106 (a) (1) or (2) at the address provided or wherever said agent can be found as is authorized by the Federal Rules of Civil Procedure. Wal-Mart Stores Texas, LP was formed under the laws of the state of Texas, but its general partner and all of its members were created under the laws of other states other than Texas and they all have their principal place of business outside the state of Texas. Therefore, Wal-Mart Stores Texas, LP is not a citizen of the State of Texas and therefore, complete diversity of citizenship exists between Plaintiff and all Defendants. Carden v. Arkoma Assocs, 494 U.S. 185, 195-96 (1990).

5. Wal-Mart Stores East, LP a/k/a Wal-Mart Stores East I, LP is a foreign limited

      partnership with its principal place of business located in Bentonville, AR and whose designated agent for service of process in the State of Texas is CT Corporation System. Wal-Mart Stores East, LP may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Plaintiff intends to perfect service of process pursuant to Tex. R. Civ. P. 106 (a) (1) or (2) at the address provided or wherever said agent can be found as is authorized by the Federal Rules of Civil Procedure. Wal-Mart Stores East, LP was not formed under the laws of the state of Texas and its general partner and all of its members were created under the laws of other states other than Texas and they all have their principal place of business outside the state of Texas. Therefore, Wal-Mart Stores East, LP is not a citizen of the State of Texas and therefore, complete diversity of citizenship exists between Plaintiff and all Defendants. <u>Carden v. Arkoma Assocs</u>, 494 U.S. 185, 195-96 (1990).

6.    WSE Management, LLC is a foreign limited partnership with its principal place of business located in Bentonville, AR and whose designated agent for service of process in the State of Texas is CT Corporation System. WSE Management, LLC may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Plaintiff intends to perfect service of process pursuant to Tex. R. Civ. P. 106 (a) (1) or (2) at the address provided or wherever said agent can be found as is authorized by the Federal Rules of Civil Procedure. WSE Management, LLC was not formed under the laws of the state of Texas and its general partner and all of its members were created under the laws of other states other than Texas and they all have their principal place of business outside the state of Texas. Therefore, WSE Management, LLC is not a citizen of the State of Texas and therefore, complete diversity of citizenship exists between Plaintiff and all Defendants.

<u>Carden v. Arkoma Assocs</u>, 494 U.S. 185, 195-96 (1990).

7. Wal-Mart Supercenter is the common name or assumed name of the entity that owned, possessed and/or controlled the premises where the accident happened. Wal-Mart Supercenter is a corporation or domestic limited partnership or other entity with its principal place of business located in Bentonville, AR and whose designated agent for service of process in the State of Texas is CT Corporation System. Wal-Mart Supercenter may be served with process at 350 North St. Paul Street, Dallas, Texas 75201. Plaintiff intends to perfect service of process pursuant to Tex. R. Civ. P. 106 (a) (1) or (2) at the address provided or wherever said agent can be found as is authorized by the Federal Rules of Civil Procedure. Wal-Mart Supercenter was formed under the laws of a state other than Texas and its general partner and all of its members were created under the laws of other states other than Texas and they all have their principal place of business outside the state of Texas. Therefore, Wal-Mart Supercenter is not a citizen of the State of Texas and therefore, complete diversity of citizenship exists between Plaintiff and all Defendants. <u>Carden v. Arkoma Assocs</u>, 494 U.S. 185, 195-96 (1990).

## II.
## SUBJECT MATTER JURISDICTION

8. The Court is authorized to consider this action pursuant to the terms of 28 U.S.C. § 1332 (a)(1) because the amount in controversy in this civil action exceeds $75,000 (excluding interest and costs) and is between citizens of different states. Plaintiff is a Texas citizen. None of the Defendants, their general partners or member partners are citizens of Texas.

## III.
## PERSONAL JURISDICTION

9. The court has personal jurisdiction over Plaintiff by virtue of Plaintiff filing this Complaint with the clerk of the court. The court has personal jurisdiction over Defendants pursuant to proper service of summons and a copy of this Complaint and the fact that Defendants do business in the state of Texas on a regular basis such that it would not offend notions of fair play or substantial justice to require Defendants to expect to be hailed into court in the State of Texas. This accident arose from Defendants' business activities within the State of Texas.

## IV.
## VENUE

10. Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. § 1391 (a)(2) because the Galveston Division is the division in which a substantial part of the events or omissions giving rise to the claim occurred; to wit: the accident happened in the Galveston Division.

## V.
## FACTUAL BACKGROUND

11. On or about April 13, 2005, during normal business hours, Alma Sanchez came upon the business premises which were owned, possessed and maintained by Defendants. Such premises were more specifically located at 6702 Seawall Boulevard, Galveston, Texas 77551 (hereinafter "Wal-Mart Premises"). While on Defendants' Wal-Mart Premises, Alma Sanchez was shopping when another customer knocked merchandise off the shelf and injured Plaintiff. As a result of her injuries, she incurred medical expenses which were both reasonable and necessary as a result of her accident on the Wal-Mart Premises and based on reasonable medical predictions, she will continue to require medical

treatment and to incur reasonable and necessary medical expenses as a result of her injuries. Plaintiff demands recovery for all damages prayed for herein including but not limited to general damages allowed by law, both incurred in the past and which she will incur in the future based on reasonable probability and special damages incurred or reasonably likely to be incurred in the future.

## VI.
## CAUSES OF ACTION

### A.
### NEGLIGENCE

12. The above paragraphs are incorporated herein by reference as if set forth herein verbatim.

13. When Alma Sanchez was shopping on the Wal-Mart Premises, she was in the area where the accident happened on the Wal-Mart Premises specifically and on Defendants' Wal-Mart Premises generally at the express or implied invitation of Defendants and had entered thereon either as a member of the public for a purpose for which the Wal-Mart Premises were held open to the public or for a purpose connected with the business of Defendants that did or may have resulted in Alma Sanchez's and Defendants' mutual economic benefit. Accordingly, Alma Sanchez was Defendants' invitee at the time of the Accident.

14. Defendants owed a duty to Alma Sanchez to exercise ordinary care in its ownership, possession, maintenance and use of the Wal-Mart Premises to reduce or eliminate the unreasonable risk of harm created by the condition of the Wal-Mart Premises which Defendants knew about or in the exercise of ordinary care should have known about.

15. Defendants, acting through their agents, servants and employees failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the

same or similar circumstances in the following particulars:

A. Defendants failed to display the merchandise in a reasonable manner.

B. Defendants failed to properly man the store which made it more difficult for the customer to properly remove items from the shelving.

C. Defendants failed to adequately warn Sanchez of the dangerous condition of the Wal-Mart Premises; to wit: the merchandise was displayed in such a manner as to likely give rise to injury if not taken down by Wal-mart personnel or those more experienced with how the merchandise was displayed and the proper way to remove it from display.

D. Defendants failed to train their employees to properly manage the Wal-Mart Premises to help prevent and correct dangerous conditions which developed on the Wal-Mart Premises because of how Wal-Mart chose to display the merchandise and man the store.

16. The above acts, errors and omissions of Defendants and those of their agents, servants and employees constituted negligence. At all relevant times, Defendants' agents, servants and employees were acting in the course and scope of their employment with Defendants. Such negligence proximately caused the above and foregoing damages to Alma Sanchez for which she now sues.

## VII.
## DAMAGES AND PRAYER FOR RELIEF

17. The above paragraphs are incorporated herein by reference as if fully set forth herein verbatim.

18. As a proximate and producing result of the foregoing unlawful actions of Defendants, Plaintiff demands and prays that Defendants be summoned to appear and answer herein and that after a lawful trial that the court award both special and general money damages to Plaintiff and against Defendants in the following particulars:

A.  Reasonable and necessary costs of medical care and treatment including but not limited to doctors, hospital, nurses, medicine and other services and supplies which this Plaintiff has incurred in the past as a result of the injuries sued for herein and in all reasonable probability this Plaintiff will incur in the future; to wit: $50,000 or an amount that the jury deems fair and just.

B.  Physical pain and mental anguish suffered in the past and in all reasonable probability will be suffered in the future; to wit: $150,000 or an amount that the jury deems fair and just.

C.  Physical impairment and/or disfigurement suffered in the past and in all reasonable probability will be suffered in the future; to wit: $150,000 or an amount that the jury deems fair and just.

D.  Costs of court.

E.  Pre and post judgment interest as allowed by law.

F.  Such other and further relief to which this Plaintiff may be justly entitled to receive at law or in equity both special and general.

Respectfully submitted,

DOLLINGERLAW

*/s/ Scot G. Dollinger*

**SCOT G. DOLLINGER**
State Bar No. 05961300
700 Gemini, Suite 120
Houston, Texas 77058
281-488-4600
281-488-4643 FAX
scot@callthelaw.com
www.callthelaw.com
**ATTORNEYS FOR PLAINTIFF
ALMA SANCHEZ**